## The Mayor, Aldermen, and Inhabitants of the City of New Orleans v. The Commercial Bank of New Orleans.

The interest of five per cent per annum, allowed to the City of New Orleans by section 23 of the act of 1st April, 1833, incorporating the Commercial Bank of New Orleans, is to be calculated on the surplus of the semi-annual dividends on the stock subscribed for by the City, remaining after the payment of the interest on the bonds given to the Bank by the City, and directed to be set apart as a sinking fund. It was not intended, that interest should be calculated on such surplus every six months, and be added thereto, so as to form new capital, bearing like interest. The Legislature did not intend to allow compound interest.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*De Armas* and *Canon*, for the plaintiffs, contended that the plaintiffs were entitled, by the 23d sect. of the charter of the Bank, to compound interest; that it is of the very nature of a sinking fund that the sums appropriated thereto should bear such interest; and that the opposite construction would place the plaintiffs in a worse situation than the other stockholders of the Bank, who, by withdrawing their semi-annual dividends, and re-investing them, could insure interest upon interest.

*Eustis*, for the appellants.

SIMON, J. The only question presented in this case for our solution, arises out of the interpretation to be given to the 23d section of the charter of the Commercial Bank.

The plaintiffs represent, that, using the right granted to the Corporation of New Orleans by the 21st section of the said charter, said Corporation subscribed for five thousand shares of the capital stock of the Commercial Bank, on the terms and conditions, and in the manner therein provided for; that by the 23d section, it is provided, that *the dividends arising from the shares so owned by the Corporation, shall be applied, first, to the payment of the interest on the bonds given to the Commercial Bank, for the payment of the stock subscribed by the said Corporation; and secondly, that the surplus shall be passed to the credit of the said Corporation, half yearly, at such times as dividends are pay-*

able to other stockholders, to be set apart as a sinking fund, applicable only to the payment of the bonds of said Corporation, when they shall become due; and that the said Corporation shall be allowed an interest of five per cent per annum on the same, by the Commercial Bank of New Orleans. This allegation is an exact copy of the 23d section of the said charter. The plaintiffs complain, that the Commercial Bank has refused to comply with the said 23d section, and to capitalize, every six months, the amount of the dividends and interest accrued, and so set apart to form said sinking fund, and to allow any interest on the same. Wherefore they pray, that the Commercial Bank may be ordered and compelled, by all legal means, to comply with the true intent and purpose of the said 23d section, to wit, to settle every six months since the first dividend was made payable by said Bank, the amount and account of all the dividends and interest on the same, deposited in the sinking fund created by the said 23d section, adding progressively the new dividends to the former account, as a new principal; so that at every term, and every six months, a new principal may be formed, consisting of the accumulation of said dividends and interest, the same bearing interest at five per cent per annum up to this day; and for the future, and pending the time for which said Bank was created, at a compound rate, as required by the said act of incorporation.

The defendants plead, that they have fully, and in every respect, complied with the requisitions of their charter.

Judgment was rendered below in favor of the plaintiffs, according to the prayer of their petition; and the defendants, after an unsuccessful application for a new trial, took this appeal.

The accounts rendered by the Commercial Bank have been produced, and they show, that ever since the first dividends, the same were applied, first, to the satisfaction of the interest due upon the bonds of the Corporation, and that the balance was always regularly set apart as a sinking fund, placed to the credit of the Corporation, with an interest of five per cent per annum on the surplus of the dividends, from the time they were made, and calculated so as to show, every six months, the amount due in principal and interest. No compound interest is allowed, that is to say, the interest is calculated, in the accounts, upon such

dividends, in principal, as may have been received up to the time of the payment of each dividend, every six months, and being added to the aggregate of all the dividends, form the total amount of the sinking fund; or, in other words, the surplus of each dividend, carried to the credit of the Corporation, bears interest at the rate of five per cent per annum, from the time the same was made until applied to the payment of the bonds.

It is contended by the plaintiffs' counsel, that under the 23d section of the charter of the Commercial Bank above recited, the City Corporation is not only entitled to the interest of five per cent per annum on the surplus of the dividends, set apart as a sinking fund, during the six months which will have run from the time it has been received, up to the time of the payment of the next dividend; but that, every six months, the whole amount of such sinking fund, composed of the principal and interest, should be *capitalized*, and continue to bear the same interest of five per cent per annum, and so on, to be settled, liquidated, and *capitalized*, every time that a new dividend is paid in.

In support of this position, it has been urged, that the Legislature never contemplated that large sums should remain inactive and unprofitable to the Corporation, during the whole time for which the charter was granted; that the said Corporation would be placed in a worse situation than any other stockholder of the Bank, who, being authorized to receive and withdraw his dividend every six months, is thereby enabled to lay it out at interest as a new capital.

But the question with us is, is the compound interest claimed by the plaintiffs, authorized and warranted by the said 23d section of the charter? By its terms, which appear to us very clear, *the surplus of the dividends* are to be passed to the credit of the Corporation, half yearly, *to be set apart as a sinking fund*, upon which the Corporation is to be allowed an interest of five per cent per annum. Such interest is not to be calculated upon the amount ascertained and liquidated every six months, as contended for by the plaintiffs, but to be allowed upon the surplus of the dividends which are to form, and must be set apart as, a sinking fund, and which, every six months, are to be added to the former dividends. There is nothing in the section under consideration,

nor in any other part of the charter, from which it can be inferred, that the Legislature intended, that besides the interest of five per cent per annum, as allowed by the 23d section, the interest should be *capitalized* every six months, so as to allow to the Corporation half yearly compound interest upon all the preceding *capitalizations* of interest. Such a construction would be against the positive terms of the law, which clearly indicate, that interest shall be allowed in favor of the Corporation, on the surplus of the dividends set apart as a sinking fund, and no further. It is well known, that interest upon interest cannot be recovered. Civil Code, art. 1934; and in the case of *The State of Louisiana* v. *The Bank of Louisiana*, 6 La. 761, this court held, that no interest could be allowed on the share of profits belonging to stockholders of a bank, though retained among the funds of the bank for a series of years. Here, the plaintiffs have been allowed the interest of five per cent per annum upon their dividends, which are themselves the interest or profit resulting from the stock; and it seems to us, that this ought to be the whole extent or limit of their pretensions, under the 23d section of the charter of the Commercial Bank.

With this view of the question, we think that the accounts exhibited by the defendants have been correctly rendered; that they are in accordance with the provisions of their act of incorporation; and that the inferior Judge erred, in decreeing, that the interest due at every half yearly settlement, should be successively *capitalized*, and added to the sum total of the sinking fund, with interest allowed thereon in the subsequent settlements. The plaintiffs ought to be satisfied with the interest allowed in said accounts.

It is, therefore, ordered and decreed, that the judgment of the Parish Court be annulled and reversed; and that ours be for the defendants, with costs in both courts.