### The State v. Harris et al.

The stat. of 1 April, 1835, s. 4, which provides that all bonds and recognisances taken by certain officers in the city of New Orleans, for the public peace or in criminal matters generally, when forfeited, shall be recovered by the city attorneys for the use of the city, is not changed by the stat. of 11 March, 1837, s. 1, in regard to the destination of the amounts of such forfeited bonds or recognisances when recovered; but the latter act authorises a different and more summary proceeding, under the immediate direction of the officers of the State, and in the name of the State, for the collection of such bonds or recognisances as are for the appearance of the parties before the Criminal Court of the First District, though the amount of the forfeiture enure to the benefit of the city. The statute of 1837, is inapplicable where the bond or recognisance is for the appearance of the party before the mayor, recorder, or associate judges of the city; in such a case an action can be maintained only by the corporation and in the ordinary form.

APPEAL from the First District Court of New Orleans, *McHenry*, J.

*Elmore*, Attorney General, for the State, contended that the judgment below should be affirmed.

*Bodin*, for the appellant, urged a reversal of the judgment on the ground, that the 4th section of the stat. of 1 April, 1835, was not repealed by the act of 11 March, 1837. The two acts are not repugnant, and the former cannot be repealed by implication. 10 Mart. 172, 560. 3 Mart. N. S. 190. *Farrar's* case, 1 Ann. R. 34. The stat. of 1837 applies only where the forfeited bonds are due to the State. *State* v. *Desforges*, 5 Rob. 257. *Second Municipality* v. *Labatut*, 8 Rob. 33.

The judgment of the court was pronounced by

KING, J. *Abraham A. Harris* was charged before the recorder of the Second Municipality with the crime of forgery, and, after examination, admitted to bail. He gave a bond, with *Samuel Moore* as his surety, for his appearance before the Criminal Court of New Orleans, to answer to the accusation; and, failing to appear on the return day, the bond was, on the motion of the district attorney, declared to be forfeited, and a judgment was rendered against the principal and surety *in solidum*, in conformity with the statute of 1837, p. 99. A rule was subsequently taken on the attorney general by *Moore*, the surety, to show cause why the judgment should not be set aside, on the ground that the State was without interest in the bond. The rule was discharged in the court below, and the surety, *Moore*, has appealed.

The act of 1st April, 1835, p. 179, s. 4, provides, "that all bonds and recognisances taken by the associate judges, mayor, or recorder, within the city of New Orleans, for the public peace or in criminal matters generally, shall, when forfeited, be recovered by the city attorneys, for the use of the corporation of New Orleans." It is contended that, under this act, the bond vested, immediately upon its forfeiture, in the city of New Orleans, and that the corporation alone could sue for its recovery. In support of that position the appellant relies on the case of the *State* v. *Desforges*, 5 Rob. 237. The question now presented did not arise, and was neither discussed nor decided in the opinion pronounced, in the case of *Desforges*. The bond in that case was for the appearance of the accused before the *recorder*, to answer certain charges. To a bond of that description the provisions of the act of 1837, p. 99, were not applicable; and, upon the forfeiture of its conditions by the failure of the defendant to appear, the recorder was without authority to recover a final judgment

against the parties. It consequently became necessary to institute an action in the usual form for its recovery, and the court held that, as the city was alone interested in the bond, the action should have been instituted by the corporation, and could not be maintained by the State. In the present instance, the bond is for the appearance of the accused before the Criminal Court of New Orleans, and upon the failure of the party to appear, the proceedings for its recovery are regulated by the statute of the 11th March, 1837, p. 99. The 1st section of that act provides that, " it shall be the duty of the attorney general and the several district attorneys in their respective districts, on the second, or any other day thereafter, of each regular term of the Criminal Court of New Orleans, or of the District Court, leave of the court first had and obtained, which leave shall always be presumed, to call any or all person or persons who may have entered into any bond, recognisance, or obligation whatsoever, for their appearance or attendance at court, and also to call on the surety or securities to produce *instanter* in open court the person of such defendant or party accused, and upon failure to comply therewith, on *motion of the attorney representing the State*, the court shall forthwith enter up judgment against both principal and securities *in solidum*, for the full amount of the bond, recognisance, or obligation," &c. The language of the act is clear and explicit. It applies equally to all bonds, recognisances, and obligations, taken in criminal cases, for the appearance of parties accused before the criminal or district courts, by whatever authority taken, whether they are to enure, when collected, to the benefit of the city or of the State, and provides a summary proceeding for collecting them, previously unknown to our laws, which it is made the *special* duty of the attorney general and district attorney to conduct. The State has an obvious interest in preserving this control over bonds taken in criminal proceedings, and in enforcing their prompt payment, as a means of coercing the appearance of parties to answer charges preferred against them, and of inducing sureties to produce the persons of their principals for the same purpose. This act is subsequent to that granting to the city the proceeds of certain bonds forfeited in criminal cases, and authorising the collection to be made by the attorneys of the corporation. It makes no change in the destination of the fund when received, but provides a different and more summary proceeding, under the immediate direction of the officers of the State, and in the name of the State, for the collection of such as are for the appearance of parties before the criminal and district courts. To this extent it controls the act of the 1st April, 1835, p. 179. With regard to those bonds which are for the appearance of parties before the mayor, recorder, or associate judges, the action can only be maintained by the corporation and in the ordinary form.                    *Judgment affirmed.*