## City of New Orleans *v.* The Commercial Bank.

The separation of the administration of the banking business of a company from the other business of the corporation, for the purpose of winding up the former, under the provision of sec. 7 of the stat. of 5 February, 1842, and sec. 27 of the stat. of 14 March, 1842, could produce no change in its obligations to its creditors or stockholders ; and an injunction will be granted to restrain the officers of the company from paying any dividend to the stockholders while there are any debts, created by its former banking operations, unpaid or unprovided for.

APPEAL from the Fifth District Court of New Orleans, *Kennedy*, J. presiding. *W. W. King*, for the plaintiffs. *L. Peirce*, for the appellants. The judgment of the court was pronounced by

EUSTIS, C, J. An injunction was obtained at the instance of the plaintiffs against the defendants' paying to the stockholders a dividend of $2 a share, and after a trial before the Third District Court of New Orleans the injunction was made perpetual, and the defendants have appealed.

One of the grounds upon which the injunction was granted was that, the banking affairs of the company are in liquidation under the laws of the State for the liquidation of banks. By a decree of the late court of the First Judicial District, certain proceedings were homologated, by which the appointment of commissioners was recognized to liquidate the *banking* affairs of the Commercial Bank under the exclusive control of the stockholders, with the proviso contained in the 27th section of the act of 14 March, 1842, entitled An act to provide for the liquidation of banks, &c. Under the 7th section of the act of 5th February, 1842, relating to the charters of the banks in New Orleans, the corporation of the Commercial Bank, having constructed its water works, retained its powers and privileges necessary to manage and conduct the same until the expiration of the term fixed by its charter. By a decree of the late

court of the first district, previous to the appointment of the commissioners, the charter of the corporation, so far as it related to its banking powers, had been dissolved, and since that period its affairs have been distributed—those relating to the banking concern under the control of commissioners, and its water-works under that of a board of directors, both appointed by the stock-holders. The situation of this institution is anomalous ; but there appears to be but one object in the laws under which its peculiar situation has been cre-ated, and in the stockholders at whose instance this anomaly was produced in the management of their own property, and that is, that its banking concerns should be liquidated and terminated, and the business of the corporation ex-clusively confined to the water-works. As long as there are debts of the former bank which are unprovided for, it strikes us as self-evident that the making of dividends is totally inconsistent .with the liquidation of its affairs. We are aware of the caution which a court of justice must exercise in inter-fereing in the affairs of a private corporation under ordinary circumstances, and of the discretionary power necessarily vested in those who have the re-sponsibility of conducting them, but the claims set up by the plaintiffs grow out of a state of facts which, under our peculiar legislation, we think calls for interposition.

. The plaintiffs, representing the corporation of the city of New Orleans as it formerly existed, are stockholders of the bank, having five thousand shares, for which bonds of the city were issued payable in forty years from date, bearing an interest of five per cent per annum, payable semi-annually. They were made in favor of the bank, and were negotiated under its endorsement at a profit. The dividends on the stock held by the city were to be retained by the bank, and applied, first, to the payment of the interest due on these bonds, and the surplus to be passed to the credit of the city, to be set apart as a sink-ing fund applicable alone to the payment of the bonds when they should become due.

The unqualified and imperative appropriation of these dividends to the pay-ment of the interest on the bonds, as well as the principal, at the time they fall due, is not only fixed by an article in the charter of the bank, but has been sanctioned without any reservation whatever in two decisions of the Supreme Court, in cases between these identical parties. 11 Louisiana Reports, 219. 5 Rob. 235.

The interest on these bonds has not been paid by the bank since 1842 or 1843, notwithstanding there is an accumulation of dividends at the credit of the city amounting to $130,000. For this omission we have been unable to find any reasonable excuse or justification, and the rights of the plaintiffs to insist on the execution of this provision of the charter, which was one of the conditions on which the privileges secured by it were granted, we cannot re-fuse to them. The division of the administration of the banking portion from the other business of this corporation produces no change in its obligations to its creditors or the stockholders ; its debts, and the duties imposed by the charter, remain as before the surrender of their banking privileges under the liquidating law.

From the evidence we are satisfied that the best interests of the stock-holders themselves require that their charter should be in all things respected, and that no dividends should be made until their just debts are paid or safely provided for.

NEW ORLEANS    Our opinion in relation to the payment of this interest on the city bonds
*v.*
COMMERCIAL    being as stated, it is unnecessary to examine the other points which have been
BANK.    presented in argument.                                    *Judgment affirmed.*